IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICK EKANEM,

    Plaintiff,

v.

CITY OF CHICAGO,

    Defendant.

No. 12 C 0359

## MEMORANDUM OPINION AND ORDER

Defendant City of Chicago has moved to dismiss plaintiff Patrick Ekanem's two-count complaint on the grounds that it is time-barred. Plaintiff voluntarily dismisses the second count in the complaint, but the parties dispute whether the first count for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), was filed within the 300 day filing period. For the following reasons, defendant's motion is granted.

I.

Plaintiff was hired by the Chicago Fire Department ("CFD") as a firefighter trainee in December 2008. He was discharged on May 11, 2009, after failing to pass the EMT exam three times. As alleged in the complaint, plaintiff sought re-entry into the CFD Academy on May 15, 2009, and again on July 30, 2009. His first

request was rebuffed; the CFD did not respond to plaintiff's second request.  Plaintiff alleges that the CFD has a policy of reinstating trainees who have been dismissed "with permission of CFD and/or the Fire Chief."  (Compl., at ¶ 16).

Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on May 7, 2010.

## II.

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009).  A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted).  In considering a motion to dismiss, I must assume that all the allegations contained in the complaint are true.  *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).

## III.

Plaintiff does not dispute defendant's contention that his claims under Title VII that are based on conduct prior to July 30, 2009—including his discharge on May 11, 2009, and first request for reinstatement on May 15, 2009—were not filed as charges with the EEOC within 300 days of their occurrence. Therefore, the only issues to be decided on defendant's motion to dismiss are whether plaintiff's written request for reinstatement, submitted on July 30, 2009, can be considered a discrete discriminatory employment action and, if not, whether equitable tolling is appropriate in this case.

Relying on *Caldwell v. Nat'l Assoc. of Home Builders*, 771 F.2d 1051 (7th Cir. 1985), plaintiff argues that his Title VII claims are not time-barred because the CFD's failure to rehire him pursuant to his July 30, 2009, request constituted an adverse employment action, triggering a later start date for the 300-day filing period. In *Caldwell*, the plaintiff alleged that his employer had discriminated against him when he was discharged and also when his applications for four newly-created positions were rejected. The Seventh Circuit held that the plaintiff's independent claim for failure to rehire was timely filed even though his claim for discriminatory discharge was time-barred. The problem for plaintiff is that according to his complaint he had already requested reinstatement prior to July 30, 2009.

3

Plaintiff alleges that CFD Instructor Daniel Hudson informed him that he could re-enter the Academy with the permission of Fire Chief John McKillop. (Compl., at ¶ 33). According to plaintiff's complaint, he sought reinstatement from McKillop on May 15, 2009. (*Id.* at ¶ 34). McKillop immediately denied plaintiff's request to re-enter the CFD Academy. (*Id.*). Under these facts, plaintiff's subsequent request for reinstatement cannot be used to extend the 300-day filing period. Plaintiff has not alleged any facts to support his argument that the CFD's rejection of his subsequent July 30, 2009, written appeal for re-entry was a discrete act of discrimination. *See Lever v. Northwestern Univ.*, 979 F.2d 552, 556 (7th Cir. 1992) (reiterating that "adverse decisions on appeals do not re-start the time for filing a charge" in holding that time started to run on the plaintiff's claim when she was initially denied tenure and not when her appeal was denied). While plaintiff had passed the EMT exam in the period between May 15 and July 30, this alone is not enough to overcome the deficiencies in the complaint, namely the failure to allege that the denial of plaintiff's July 30, 2009, appeal was itself discriminatory. Additionally, plaintiff's attempt to re-characterize the July 30, 2009, request for reinstatement as an "application for rehire" or "reapplication" in his response to the motion to dismiss fail to persuade me for the same reasons—under the facts as pleaded in the complaint, McKillop rejected plaintiff's request to re-enter the

4

Academy on May 15, 2009, and the July 30, 2009, request was not an independent discriminatory act. Therefore, the 300-day filing period began, at the latest, on May 15, 2009, the date on which his request for re-entry was denied, and ended on March 11, 2010.

Plaintiff's response and the affidavit attached to it attempt to introduce facts that, if properly pleaded, would cast some doubt on how the alleged re-entry policy is implemented, though the affidavit alone does not entirely overcome the deficiencies in the complaint. In court, plaintiff's counsel also argued that McKillop was not the final decision-maker and did not have the authority to implement the alleged policy allowing similarly situated trainees to re-enter the Academy. If plaintiff can allege facts that, if proven, would show that someone other than McKillop independently discriminated against plaintiff in denying his July 30, 2009, request for re-entry into the Academy, plaintiff may amend his complaint.

In opposing the motion to dismiss, plaintiff also argues that equitable tolling is appropriate in this case because he did not discover that non-African-American trainees received more favorable treatment until after he submitted his second request for re-entry on July 30, 2009. It is true that the EEOC filing deadline may be tolled "until the time when 'facts that would support a charge of discrimination ... were apparent or should have been apparent to a person with a reasonably prudent regard for his rights.'" *Vaught v.*

*R.R. Donnelley & Sons Co.*, 745 F.2d 407, 410-11 (7th Cir. 1984) (quoting *Reeb v. Econ. Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir. 1975)). However, "when the plaintiff's complaint demonstrates it is untimely on its face, the plaintiff must plead in the complaint facts demonstrating that the failure to timely file the claim should be excused." *Gorski v. Lewis Univ.*, No. 99 C 5244, 1999 WL 1250192, at *3 (N.D. Ill. Dec. 22, 1999) (Lindberg, J.) (citations omitted). Here, plaintiff has not alleged any facts in his complaint that would support tolling the EEOC filing deadline. Even if plaintiff were to attempt to amend his complaint to include the allegations set forth in his affidavit, he would not be able to establish that equitable tolling is appropriate in this case. "[T]he Seventh Circuit has ruled that equitable tolling extends the limitations period to give a plaintiff only enough extra time as is necessary to allow him to make a filing." *Cruse v. Chicago Park Dist.*, No. 95 C 2882, 1995 WL 519735, at *3 (N.D. Ill. Aug. 31, 1995) (Kocoras, J.) (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452 (7th Cir. 1990)). According to plaintiff's affidavit, he began to suspect the circumstances surrounding the CFD's rejection of his application for re-entry around August 24, 2009. (Pl.'s Aff., at ¶ 12). At that time he still had more than six months to file a charge with the EEOC but he waited over eight months to file. Plaintiff's affidavit offers no reason for why he could not file within the 300-day period following May 11 or 15,

6

2009, and does not support an extension of the filing deadline. As such, plaintiff has not established that he is entitled to equitable tolling and his claims are time-barred.

IV.

For the foregoing reasons, defendant's motion is granted and plaintiff's case is dismissed. Plaintiff has 30 days in which to amend his complaint if he wishes to do so.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: June 6, 2012